UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL TYRONE EDWARD,<br><br>    Plaintiff,<br><br>  v.<br><br>R. EARLY, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:00-CV-5506-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED AND THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, BASED ON PLAINTIFF'S FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Doc. 61) |

I. Defendants' Motion to Dismiss

  A. Procedural History

Plaintiff Mel Tyrone Edward ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed March 27, 2002, against defendants Heidt and Ethridge ("defendants") for violating plaintiff's rights under the Eighth Amendment. On March 8, 2005, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies prior to filing suit. (Docs. 61-63.) Plaintiff filed an opposition on June 1, 2005.[1] (Doc. 69.)

///

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on December 4, 2002. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 30.)

1

B.   <u>Legal Standard</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Porter</u>, 534 U.S. at 524 (citing to <u>Booth</u>, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. <u>McKinney</u>, 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, <u>et seq.</u> "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." <u>Id</u>. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look

beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. <u>Id</u>.

  C. <u>Discussion</u>

Plaintiff filed this suit on March 30, 2000. (Doc. 1.) Plaintiff's claim against defendant Heidt stems from an incident that allegedly occurred at North Kern State Prison on March 4, 2000. (Doc. 22, 2nd Amend. Comp.) Plaintiff alleges that while defendant Heidt was pushing plaintiff in the wheelchair, plaintiff's foot got caught under the wheel. (<u>Id</u>.) Plaintiff cried out in pain but defendant Heidt continued to push the wheelchair, causing plaintiff's foot to be severely injured. (<u>Id</u>.) Plaintiff alleges he had to undergo two separate surgeries and eight months of therapy to repair the damage to his foot. (<u>Id</u>.) Plaintiff alleges defendant Heidt knew his foot was caught but continued to push the wheelchair anyway. (<u>Id</u>.)

Plaintiff's claim against defendant Ethridge stems from an incident that allegedly occurred at North Kern State Prison on March 5, 2000. (<u>Id</u>.) Plaintiff alleges that he slipped in a puddle of water in his cell, injuring his back, neck, hip, and ankle, and aggravating the injury to his foot caused the previous day by the wheelchair. (<u>Id</u>.) Plaintiff requested medical treatment but his request was ultimately refused by defendant Ethridge, a medical technical assistant. (<u>Id</u>.) Plaintiff alleges defendant Ethridge is partially responsible for the severity of his injuries. (<u>Id</u>.)

In their motion to dismiss, defendants argue that plaintiff failed to exhaust his claims prior to filing suit and that they are entitled to dismissal of this action as a result. (Doc. 61, Motion.) Defendants contend that the allegations in plaintiff's second amended complaint and the exhibits attached thereto demonstrate that plaintiff failed to exhaust his claims prior to filing suit. (<u>Id</u>., 5:1-6:23.) In addition, defendants submit evidence that plaintiff pursued and exhausted only one inmate appeal, filed in 1999, through the Director's Level of review concerning events at North Kern State Prison. (Doc. 62, Grannis Dec.)

In his opposition, plaintiff argues that he did exhaust his claims, but due to the length of time that has passed, he no longer has any documentation concerning the appeals. (Doc. 69, Opp.)

///

1     The receipt of a Director's Level decision is not always necessary for exhaustion to occur.
2 In some circumstances, the granting of an inmate appeal at a lower level may satisfy the exhaustion
3 requirement. See Ross v. County of San Bernalillo, 365 F.3d 1181, 1187 (10th Cir. 2004); Clement
4 v. California Dept. of Corr., 220 F.Supp.2d 1098, 1106 (N.D. Cal. Sept. 9, 2002); Brady v. Attygala,
5 196 F.Supp.2d 1016, 1019 (C.D. Cal. Apr. 17, 2002); Gomez v. Winslow, 177 F.Supp.2d 977, 985
6 (N.D. Cal. Aug. 28, 2001). Thus, defendants' submission of evidence that plaintiff pursued only one
7 1999 appeal through the Director's Level of review concerning events at North Kern is not
8 dispositive of the exhaustion issue.

9     However, as set forth by defendants, evidence attached to plaintiff's second amended
10 complaint establishes that on June 2, 2000, plaintiff was notified that his inmate appeal concerning
11 the alleged misconduct of defendant Heidt was sent to a staff member for review. (Doc. 22, 2nd
12 Amend. Comp., Exhibit D.) On August 3, 2000, the appeal was subsequently partially granted at
13 the first formal level in that plaintiff's allegations were reviewed, but the allegations were found to
14 be unsubstantiated. (Id., Exhibit A.) It is unclear what happened in the appeals process after the
15 first-level decision was rendered, but the subsequent proceedings are irrelevant to the resolution of
16 the instant motion to dismiss. Exhaustion must occur prior to filing suit. McKinney, 311 F.3d at
17 1199-1201. Because the exhibits attached to plaintiff's second amended complaint establish that
18 plaintiff did not exhaust his claim against defendant Heidt prior to filing suit on March 30, 2000,
19 defendants are entitled to dismissal of the claim against Heidt.

20     With respect to the claim against defendant Ethridge, plaintiff attached to his second
21 amended complaint a memorandum dated April 7, 2000, which informed plaintiff that his appeals
22 and ADA forms had been received and he was being evaluated for possible abuse of the appeals
23 process. (2nd Amend. Comp., Exhibit C.) Plaintiff also alleged that he resubmitted a duplicate
24 appeal in May of 2000 and was sent a notice that it had been assigned, but is still awaiting a
25 response. (Id., 4:16-23.)

26     The memo informing plaintiff that his appeals had been received was not issued until April
27 7, 2000, after the date plaintiff filed suit. Thus, to the extent that plaintiff filed an appeal grieving
28 the conduct of defendant Ethridge, but never received a response, and that the failure of prison

4

officials to respond to an appeal might be grounds for finding exhaustion, exhaustion did not occur until sometime after this suit was filed. Defendants are therefore entitled to dismissal of the claim against defendant Ethridge.

D. Conclusion

In conclusion, the court cannot determine on the record before it whether plaintiff exhausted the available administrative remedies with respect to his claims against defendants Heidt and Ethridge. However, to the extent that exhaustion did occur, the allegations and exhibits in the second amended complaint establish that it did not occur prior to March 30, 2000, the date plaintiff filed this suit. Thus, this action must be dismissed based on plaintiff's failure to exhaust prior to filing suit. McKinney, 311 F.3d at 1199-1201.

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, filed March 8, 2005, be GRANTED; and
2. Pursuant to 42 U.S.C. § 1997e(a), this action be dismissed, without prejudice, based on plaintiff's failure to exhaust the administrative remedies prior to filing suit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 21, 2005**          /s/ Lawrence J. O'Neill
b9ed48                                UNITED STATES MAGISTRATE JUDGE